UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARNELL BEVERLY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-223-JD-MGG |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Darnell Beverly, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 16-02-385) where a Disciplinary Hearing Officer (DHO) found him guilty of possession of a cell phone in violation of Indiana Department of Correction (IDOC) policy A-121. ECF 2 at 1, ECF 2-1. As a result, he was sanctioned with the loss of 60 days earned credit time.

Beverly first argues that the DHO did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and

1

ellipsis omitted).

Here, the Conduct Report charged Beverly as follows, "On 02/17/2016 at approximately 01:10AM Offender Beverly, Darnell #136125 had in his possession a LG touch screen Cell Phone." ECF 9-1. He was subsequently charged and convicted of violating IDOC A-121. This policy prohibits the "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The DHO had sufficient evidence to find Beverly guilty of possession of a cell phone. Both the Conduct Report and the sealed, confidential Incident Report, contained sufficient information to find Beverly guilty. The Incident Report, in particular, provides sufficient evidence to support the DHO's finding because it describes in detail the discovery of the phone in Beverly's bed. While Beverly argues that the Conduct Report did not contain sufficient descriptive information of where the phone was discovered, the Conduct Report is supplemented by the more detailed information contained in the confidential Incident Report. Beverly also argues that the lack of description in the Conduct Report violates IDOC policy. However, IDOC's failure to follow its own policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). In light of the evidence, the DHO's finding of guilty was not arbitrary or unreasonable.

Beverly next claims that he is entitled to habeas corpus relief because the DHO reviewed evidence that was not contained in the Conduct Report and was thus not an impartial decision-

2

maker. "[P]risoners are entitled to be free from arbitrary actions of prison officials." *McPherson v. McBride*, 188 F.3d 787 (7th Cir. 1999) (quotation marks omitted). However, in the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Here, Beverly has presented no evidence that the DHO was biased. Thus, this claim does not entitled him to habeas corpus relief.

Beverly also asserts that the DHO's reliance on evidence he had not reviewed impeded his ability to defend himself against the charge. Yet, it is well-established that "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Here, the court agrees that the sensitive information contained in the Incident Report was properly withheld from Beverly. *See* ECF 11.

Next, Beverly asserts that his hearing was improperly delayed. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Beverly did not have a due process right to a 'speedy' disciplinary hearing. *See e.g. U. S. ex rel. Houston v. Warden, Stateville Corr. Ctr.*, 635 F.2d 656, 658 (7th Cir. 1980) (prisoner's due process rights were not violated by two-month delay between offense and disciplinary hearing); *Peters v. Anderson*, 27 F. App'x 690, 692 (7th Cir. 2001) (unpublished) ("the delay was more likely to have enhanced than impeded [the petitioner's] ability to marshal a defense"). Pursuant to *Wolff*, Beverly was entitled to at least 24-hours' advance notice of the charges against him before his disciplinary hearing was held. Here, Beverly received notice of the charges on February 18, 2016 (ECF 9-3), and his hearing was

3

held on March 22, 2016. ECF 9-8. Thus, Beverly received adequate notice of the charges.

Beverly's final claim is that his request to present a live witnesses was improperly denied. However, an inmate in a prison disciplinary hearing has no right to confront or cross-examine witnesses. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id.* Here, Beverly's witness provided a written statement, and the DHO considered that statement in coming to a decision. ECF 9-8. Thus, Beverly's due process right to present a witness in his defense was satisfied.

For these reasons, the petition (ECF 2) is **DENIED**. The Clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED: November 21, 2017

                                        /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court